**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ESSOHANAME MAXIME LADOUTOKI          CASE NO.  1:26-CV-02985 SEC P

VERSUS                                                JUDGE JAMES D. CAIN, JR.

SHAD RICE ET AL                                  MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the court is an Emergency Motion for Temporary Restraining Order [doc. 2] filed by immigration detainee Essohaname Ladoutoki, in connection with his pending petition for writ of habeas corpus. *See* doc. 1. Petitioner, a native of the Republic of the Congo, was detained in July 2026 and is currently in ICE custody at the Alexandria Staging Facility in Alexandria, Louisiana. Doc. 1. He was granted withholding of removal as to the Republic of the Congo under the Convention Against Torture. *Id.* Through his habeas petition and emergency motion, he challenges the government's alleged plans to deport him to a third country, including but not limited to Equatorial Guinea, without adequate due process. Docs. 1, 2. He also maintains that his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no foreseeable likelihood of his removal. *Id.*

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the

public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner is a member of the *D.V.D.* class because he is an individual subject to a final order of removal whom ICE plans to deport to a third country, *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F.Supp.3d 355, 392–393 (D. Mass. 2025). In the *D.V.D.* litigation, the class seeks the same remedy currently before this court: an injunction requiring respondents "to provide meaningful notice and opportunity to present a fear-based claim before executing removal to a third country." *See id.* at 386. So, as another division, recently put it, "this Court should butt out." *Rodelo Echavez v. Lyons*, 2025 WL 3090769, at *2 (W.D. La. Sep. 22, 2025) (EDWARDS, J.) (citing *Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985) ("[E]quitable claims by members of the [*D.V.D.*] class, which are comparable to those claims litigated and under ongoing review and supervision of the court in the [*D.V.D*] class action, should not be maintainable as individual causes of action")). Judge Edwards further observed:

Page 2 of 3

Furthermore, the Supreme Court stayed that relief in *D.V.D.*, aware that one of the plaintiffs, O.C.G., had been removed to Mexico and then deported back to Guatemala, where his removal had been withheld under CAT. *See U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2154 (2025) (Sotomayor, J., dissenting). So too is the fear here—that Petitioner will be removed to Mexico and then to Colombia despite his CAT withholding order. Aware of that threat, and aware that everyone in O.C.G.'s situation is a member of this non-opt-out class, the Supreme Court still stayed the injunction requiring the relief now sought here. *See D.V.D.*, 145 S. Ct. at 2153. Since this granting of a stay "constitutes a precedent that commands respect," *see N.I.H. v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part), this Court declines to double-exercise its discretion and provide backdoor relief for Petitioner individually. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere; *see also Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)) ("As between federal district courts, ... the general principle is to avoid duplicative litigation.").

*Id.* The same holds true here. In light of the Supreme Court's stay of preliminary injunctive relief as to petitioner and other members of the *D.V.D.* class, petitioner cannot "unequivocally show" his right to the extraordinary remedy he seeks. *Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025) (citing *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013)). Accordingly, **IT IS ORDERED** that the Motion [doc. 2] be **DENIED**. The petition [doc. 1] is referred to the magistrate judge for report and recommendation.

**THUS DONE AND SIGNED** in Chambers on the 11th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 3 of 3